# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:19-CR-75-14 |
| | ) | |
| JOHNNY TACKETT | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 3, 2020. At the hearing, Mr. Tackett was present by video teleconference, as was his attorney, Mr. Stephen G. McGrath.

### I. Plea Hearing

Mr. Tackett moved to withdraw his not guilty plea to Count One of the Superseding Indictment and entered a plea of guilty to the lesser included offense in Count One, that is, of conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B), in exchange for the undertakings made by the government in the written plea agreement.

On the basis of the record made at the hearing, I find that Mr. Tackett is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Mr. Tackett; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement;

1

Mr. Tackett understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. I further **RECOMMEND** that Mr. Tackett's motion to withdraw his not guilty plea to Count One of the Superseding Indictment be granted. I **RECOMMEND** that his plea of guilty to the lesser included offense in Count One of the Superseding Indictment, that is, of conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B), be accepted. I **RECOMMEND** that the Court adjudicate defendant guilty of the charge in the lesser included offense in Count One of the Superseding Indictment, that is of conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B), and a decision on whether to accept the plea agreement be deferred until sentencing.

## II.     Detention Pending Sentencing

Mr. Tackett, who has been on supervised pretrial release, also moved for continued release pending sentencing. The government has responded in opposition to Mr. Tackett's motion, and argument was heard on the matter.

Under the Mandatory Detention Act of 1990, a district court "shall order a defendant detained pending sentencing if he has been found guilty" of a federal drug offense "for

which a maximum term of imprisonment of ten years or more is prescribed." *United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010); *see also* 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(1)(C). Due to Mr. Tackett's plea to a controlled substance offense, Mr. Tackett must be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and it has been "clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c). The burden rests with the defendant. *See* Fed. R. Crim. P. 46

In short, Mr. Tackett must demonstrate that he is not a flight risk or a danger to the community and that exceptional circumstances that make detention inappropriate.

### A. Flight Risk and Danger to the Community

First, the Court must determine whether there is clear and convincing evidence that Mr. Tackett is not likely to flee or pose a danger to the safety of any other person or the community if released. Factors that typically guide the Court regarding these questions in the pretrial context are (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the Defendant, (3) the Defendant's history and characteristics, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [Defendant's] release." 18 U.S.C § 3142(g)(1)-(4).

Here, Mr. Tackett has pled guilty to conspiring to distribute and possessing with the intent to distribute 500 grams or more of cocaine. He has agreed factually, however, that he is personally responsible for distributing approximately 1.5 kilograms of cocaine. The first two factors favor detention, because, in even the pretrial context, the Sixth Circuit

3

Case 3:19-cr-00075-KAC-DCP    Document 342    Filed 08/03/20    Page 3 of 6    PageID #: 1861

"routinely affirms, on dangerousness grounds, . . . detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *United States v. Stone*, 608 F.3d 939, 947 n. 6 (6th Cir. 2010). However, Mr. Tackett suffers from a number of serious medical conditions, as outlined in his motion filed under seal. Several of those, including chronic obstructive pulmonary disease, place him at risk for severe illness, should he contract the COVID-19 virus, according to the CDC. *See* People Who Are at Higher Risk for Severe Illness, Centers for Disease Control, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html (last visited July 30, 2020). Due to Mr. Tackett's serious medical conditions, any attempt to flee or engage in further criminal activity would significantly endanger his already-precarious health situation. Moreover, Mr. Tackett has a minimal criminal history and has done well on pretrial supervision, as confirmed by his supervising probation officer. Mr. Tackett has had no new criminal contact nor contact with law enforcement since he started supervision, and, as the government has acknowledged, Mr. Tackett "has done well on pretrial release." The third and fourth factors weigh against detention. On balance, the Court concludes that, though Mr. Tackett's crime in this case is extremely serious, there is clear and convincing evidence that he does not pose a flight risk or a risk to the community should he be released pending sentencing.

### B. Exceptional Circumstances

Second, the Court must determine whether exceptional circumstances clearly show that detention would not be appropriate. What constitutes an "exceptional reason" for purposes of § 3145(c) is not defined in the statute, but release in these circumstances "must

4

be 'infrequent' and 'rare.'" *United States v. Wells*, No. 3:18-CR-157-PLR-DCP, 2020 WL 4043981, at *4 (E.D. Tenn. May 7, 2020) (citations omitted). "'Exceptional reasons' should set a defendant apart from other persons convicted of similar offenses." *Id.* Moreover, "even exceptional reasons would not justify release if they are based on nothing more than probability, conjecture, intuition or speculation. Instead, according to the statute's explicit language, exceptional reasons must be 'clearly shown' to render a person's detention as inappropriate." *Id.* (citation omitted).

Here, the Court concludes that Mr. Tackett has clearly shown exceptional circumstances that set him apart from similarly convicted defendants. His medical conditions are as serious as they are numerous; several have been identified by the CDC as confirmed risk factors for severe illness should he contract the COVID-19 virus. The medications and machines necessary for his health are likely difficult to properly manage and administer in a temporary jail facility pending sentencing during the current circumstances created by the pandemic. While release should not be granted "'based solely on generalized COVID-19 fears and speculation . . . 'the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary.'" *Wells*, 2020 WL 4043981, at *5 (citations omitted). Though the panoply of medical conditions may not have been exceptional a year ago, the Court concludes that Mr. Tackett's individual circumstances are exceptional due to his medical conditions in conjunction with the ongoing COVID-19 pandemic.

5

## C. Conclusion

Therefore, I find that Mr. Tackett meets the exceptions to the Mandatory Detention Act of 1990 in accordance with 18 U.S.C. § 3145(c) and 18 U.S.C. § 3143(a)(2). I **RECOMMEND** defendant remain on supervised release pending sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

_____
C. Clifford Shirley,
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).